UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEWIS-PRICE & ASSOCIATES, INC., a Virginia corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GREY GHOST, LLC, an Idaho limited liability company, and d/b/a GREY CELL,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-00224-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court are Plaintiff's motion to remand and Defendant's motion to dismiss. (Dkt. 12, 14.) The parties have fully briefed the motions and they are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. All parties have consented to proceed before a United States Magistrate Judge to conduct all proceedings in this case. 28 U.S.C. § 636(c)(1). (Dkt. 18.) Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record before this Court. Dist. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

For the reasons discussed below, the Court will grant the motion to remand. The Court lacks jurisdiction to rule on the motion to dismiss.

## BACKGROUND[1]

Plaintiff Lewis-Price & Associates, Inc. filed a complaint against Defendant Grey Ghost, LLC, dba Grey Cell, on February 6, 2024, in the district court for the first judicial district for the state of Idaho, in and for the county of Shoshone. (Dkt. 1-1.) On April 30, 2024, Grey Ghost filed a notice of removal, asserting diversity jurisdiction under 28 U.S.C. § 1331 and § 1332. (Dkt. 1.)[2] Following Grey Ghost's first motion to dismiss, Lewis-Price filed an amended complaint on May 20, 2024, rendering the first motion to dismiss moot. (Dkt. 10, 15.)

Grey Ghost entered into a contract to perform services related to training material provided to the Department of Defense (the "Prime Contract"). In September of 2022, Grey Ghost entered into a subcontract with Lewis-Price, whereby the parties agreed Lewis-Price would perform services for Grey Cell as a subcontractor for the Prime Contract in return for payment by Grey Cell to Lewis-Price. Am. Compl. ¶ 4.2. (Dkt. 10.) Per the parties' agreement, Grey Ghost was required to pay for services performed by Lewis-Price after Grey Ghost had received payment for the services under the Prime Contract within the earlier of "5 business days of receipt of Grey Ghost's receipt of

---

[1] For purposes of the motion to remand, the facts as alleged in the First Amended Complaint are taken as true.

[2] The parties do not dispute the citizenship of either Lewis Price, which is a Virginia corporation with its principal place of business located in McLean, Virginia, and Grey Ghost, a limited liability company operating under the assumed business name Grey Cell, with a principal place of business in Kellogg, Idaho. Am. Compl. § II. The notice of removal indicates that all members of Grey Ghost are residents of Idaho. Notice ¶ 5. (Dkt. 1.)

payment for the services provided or work performed by Lewis-Price from the client" or "60 calendar days of receipt of a proper invoice from Lewis-Price if the Client has not rejected in writing the services provided or work performed by Lewis-Price included on that invoice." Am. Compl. ¶ 4.3. The subcontract agreement further provides that "the substantially prevailing party in any such dispute [arising under the Agreement] shall be entitled all costs associated with resolving such dispute, including attorneys' fees and expenses." Am. Compl. ¶ 4.4.

Lewis-Price asserts a single claim for breach of contract, alleging that it was not paid in a timely manner by Grey Ghost on invoices submitted between October 5, 2022, and January 5, 2024, entitling it to statutory interest on the delinquent amounts under Idaho Code § 28-22-104.[3] Am. Compl. ¶ 5.9. Lewis-Price affirms that its damages, inclusive of attorney fees and costs, do not exceed $75,000.00, and that no federal statute or law is implicated, thereby warranting remand of this action to state court for lack of federal subject matter jurisdiction. Am. Compl. ¶¶ 3.2, 5.12; Mot. to Remand. (Dkt. 10, 12.)

Grey Ghost claims that Lewis-Price's breach of contract claim is preempted by federal law, which governs the collectability of interest on a government services contract like the one at issue here. Grey Ghost maintains that neither the Prime Contract between it and the Department of Defense nor the subcontract agreement provides for interest. Grey Ghost argues that both contracts are governed by the Prompt Payment Act ("PPA") and Federal Acquisitions Regulations ("FAR") governing the entitlement to interest, and

---

[3] Lewis-Price confirms, however, that all invoices were paid. Am. Compl. ¶ 4.6.

**MEMORANDUM DECISION AND ORDER - 3**

therefore Idaho Code § 28-22-104 is preempted by federal law. Grey Ghost therefore claims remand is inappropriate, because the PPA and the FAR, as incorporated by reference in the Prime Contract, "occupy a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation when it comes to the recovery of interest on government contracts." Mem. at 8. (Dkt. 16.)

## DISPOSITION

Federal courts are courts of limited jurisdiction and possess only that jurisdiction authorized by the Constitution and federal statutes. Any civil action over which federal district courts have original jurisdiction may be removed to the district where such action is pending. 28 U.S.C. § 1441(a). A federal court may also remand a removed action to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447.

Here, the action was removed on the basis of diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the litigating parties. *See* 28 U.S.C. § 1331. Diversity jurisdiction for purposes of removal "is determined (and must exist) as of the time the complaint is filed and removal is effectuated." *Strotek Corp. v. Air Transp. Ass'n of Am*., 300 F.3d 1129, 1131 (9th Cir. 2002); *see Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1239 (10th Cir. 2015) ("it is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint") (citing *Grupo Dataflux v. Atlas Glob. Grp*., 541 U.S. 567, 570-72 (2004)). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d

MEMORANDUM DECISION AND ORDER  - 4

941, 944 (9th Cir. 2009). The removal statute is strictly construed, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

There is no question that the amended complaint contains no federal claims, names no federal defendants, and lacks the jurisdictional amount in controversy. As stated in the amended complaint, the amount in controversy, inclusive of attorney fees, is less than $75,000.00. However, Grey Ghost contends that federal law "occupies the issue to such an extent that it is reasonable to conclude that Congress left no room for state regulation on the amount and entitlement to interest on a government services contract." Mem. in Opp. at 3. (Dkt. 16.) In other words, Grey Ghost contends this case presents a situation "when the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction." *Holman v. Laulo–Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). This doctrine is known as complete preemption; it is a "narrow exception" to the "well-pleaded complaint rule," which makes the plaintiff the master of its complaint and generally precludes removal when a complaint does not facially present a federal question. *Id.*

"The test for complete preemption is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)). The United States Supreme Court has identified only two federal acts whose preemptive force is extraordinary: (1) The Labor

**MEMORANDUM DECISION AND ORDER  - 5**

Management Relations Act (LMRA), 29 U.S .C. § 185(a); and (2) the Employee

Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq. Id.*

The jurisdictional issue of whether complete preemption exists – the issue raised

by Grey Ghost and addressed here – is very different from the substantive inquiry of

whether a "preemption defense" may be established. *Holman*, 994 F.2d at 669. At the

removal stage, the inquiry is "solely whether Congress intended a preemptive force so

powerful as to displace entirely any state cause of action within the ambit of the federal

cause of action." *Whitman v. Raley's Inc*., 886 F.2d 1177, 1180 (9th Cir. 1989). The

jurisdictional question concerning "complete preemption" centers on whether it was the

intent of Congress to make the cause of action a federal cause of action and removable

despite the fact that the plaintiff's complaint identifies only state claims. *Whitman*, 886

F.2d at 1180. But, a "preemption defense" is a substantive inquiry as to whether a legal

defense exists on the basis that federal law preempts the state statute at issue. *Id.* The

existence of a "preemption defense" does not justify removal. *Id.* State courts may

enforce federal defenses on the grounds of preemption. *Holman*, 994 F.2d at 669 – 70.

Here, Grey Ghost argues that the notice of removal should be construed as

asserting that Lewis-Price's state law claim is completely preempted by the Prompt

Payment Act and the Federal Acquisition Regulations, because the PPA and the FAR

govern interpretation of the Prime Contract and subcontract agreement. Mem. in Opp.

(Dkt. 16.) Grey Ghost asserts a preemption defense, and has not established that Congress

intended for either the PPA or the FAR to displace entirely any cause of action involving

recovery of interest owed on a government contract. *See Demontiney v. U.S. ex rel. Dep't*

**MEMORANDUM DECISION AND ORDER  - 6**

*of Interior, Bureau of Indian Affs.*, 255 F.3d 801, 809 (9th Cir. 2001) (The Prompt Payment Act is not an independent basis of jurisdiction. It provides for the payment of interest by the government on its debts….The Prompt Payment Act does not provide [Plaintiff] with subject matter jurisdiction for his contract claims."). The state court has the ability to determine whether the PPA and the FAR, or Idaho Code § 28-22-104, governs the parties' agreement. Thus, removal based on the complete preemption doctrine is not proper in this case, and the Court lacks subject-matter jurisdiction.[4]

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Plaintiff's Motion to Remand (Dkt. 12) is **GRANTED**.

2)      The Clerk is directed to remand this case to the First Judicial District for the State of Idaho and close this case.

Dated: **July 23, 2024**

Candy W. Dale
United States Magistrate Judge

---

[4] The Court therefore is without jurisdiction to consider the motion to dismiss.

**MEMORANDUM DECISION AND ORDER  - 7**